THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:14MC42 |
| | ) | |
| GARY IVAN TERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE

This matter comes before the Court upon the Motion of Defendant Gary Ivan Terry for entry of a Temporary Restraining Order, a Preliminary Injunction and for a Request for Declaratory Judgment. (Docket Entry 8.) Defendant seeks to enjoin the United States from violating his rights to obtain judicial review or previous administrative orders, violating his Fifth Amendment due process rights, and violating other federal laws through enforcement of a restitution order. (*Id.* at 1-3.) The Government has filed a response brief. (Docket Entry 18.) For the matters stated herein, the Court will recommend that Defendant's motion be denied.

## I. BACKGROUND

On October 5, 2001, a Judgement was entered against Defendant in the Western District of Missouri. (*See* Judgment, Docket Entry 44, *United States v. Terry*, No. 00-00308-01-CR-W-6 (W.D. Mo. Oct. 5, 2001)). The judgment derived from a 19 count indictment against Defendant, which he pled guilty to 2 counts: making false statements of a material fact to an agency of the United States, and obstruction of justice. (*Id.* at 1.) The Government dismissed

1

the remaining counts against Defendant. (*Id.*) Defendant received a 15-month term of imprisonment, 3 years of supervised released, and criminal monetary penalties, including an order of restitution in the amount of $545, 161.20. (*Id.* at 2-5.) This Judgement was registered in the Middle District of North Carolina on July 7, 2014. (Docket Entry 1.) The Government thereafter filed an application for Writ of Garnishment. (Docket Entry 2.) The Court entered a Writ of Continuing Garnishment (Docket Entry 3) which appears to be the immediate rationale for Defendant's motion seeking injunctive relief and a declaratory judgment.[1]

## II. DISCUSSION

### Injunctive Relief

The law is well settled and applies the same standard for whether a litigant is entitled to obtain a temporary restraining order or preliminary injunction. *See, e.g., United States Dept. of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006). Rule 65 of the Federal Rules of Civil Procedure provides that a temporary restraining order ("TRO") shall not be issued in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Being extraordinary remedies, these remedies may only be awarded upon a clear showing that the movant is entitled to such relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008); *see also Martinez v. RegisterFly, Inc.*, No. 1:07CV00188, 2007 WL 1028516, at *1 (M.D.N.C. Mar. 21, 2007), *report and recommendation adopted*, No.

---

[1] Defendant has had multiple filings in the Western District of Missouri and in this Court. *See Terry*, No. 00-00308-01-CR-W-6 (W.D. Mo.); *United States v. Terry*, No. 02-0064-CV-W-6 (W.D. Mo.); *United States v. Terry*, 178 Fed. App'x 232, at *1 (4th Cir. 2006) (unpublished); *see also* Order, *Terry v. U.S. Small Bus. Admin.*, No. 10-365-ESH (D.D.C. Mar. 12, 2010) (denying TRO motion).

2

1:07CV00188, 2007 WL 1028527 (M.D.N.C. Mar. 23, 2007) (applying the preliminary injunction standard to a motion for a TRO). The United States Supreme Court has stated that to obtain a TRO or a preliminary injunction, a movant must establish: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Defendant Cannot Demonstrate a Likelihood of Success on the Merits.

Defendant cannot show a likelihood of success on the merits for his conviction in the Western District of Missouri, which included restitution as a part of the judgment. Clearly the Appellate Courts have affirmed Defendant's conviction, sentence, and judgment many times in both his direct and collateral appeals. Therefore, Defendant cannot prove he is likely to succeed on the merits in contesting the Government's garnishment proceeding, an authority that has been statutorily granted to collect penalties assessed against parties to criminal proceedings. *See* 18 U.S.C. §§ 3664(m)(1)(A)(i) - (ii) (stating that restitution orders are enforceable "in the same manner" as judgments against defendants for fines, or "by all other available and reasonable means"). Thus, the Court is unable to make a finding that Defendant is likely to succeed on the merits.

Defendant Cannot Demonstrate Irreparable Harm Absent Immediate Relief

Defendant has not shown any injury that would be over and above the penalty which was imposed by the sentencing court. He was ordered to pay restitution and the injury he claims revolves around this payment. The Government has the right to pursue collection of the restitution from the Defendant according to the writ of garnishment but an issuance of

3

Case 1:14-mc-00042-TDS-JLW   Document 35   Filed 04/04/16   Page 3 of 6

injunctive relief to Defendant would prevent the Government from recovering restitution. Safeguards of abuse are afforded to the judgment debtor under this statute by allowing the debtor to object by filing an answer and request for a hearing. 28 U.S.C. § 3205(c)(5). As of October 19, 2015, Defendant still owed $542,099.03 of the restitution. Relief from Defendant's obligation to pay this remaining balance will result in harm to the United States and the General Services Administration ("GSA") as it will delay relief set forth in writ of garnishment. Thus, as Defendant failed to show irreparable harm in the absence of preliminary relief and the harm to Plaintiff is clear, the "balance of equities" does not tip in the Defendant's favor. *Winter*, 555 U.S. at 20.

Injunctive Relief is Not in the Public Interest

Injunctive relief against restitution to victims does not serve the public interest. *See* Mandatory Victims Restitution Act of 1996 ("MVRA), 18 U.S.C § 3663A (requiring the courts to order restitution to persons who are victims of crimes); *see also* 18 U.S.C. § 3664. Under 18 U.S.C § 3663A, "victim" is broadly defined as:

> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2). The Courts have broadly defined victims to include the United States within the meaning of the statute. *See United States v. Lincoln*, 277 F.3d 1112, 1114 (9th Cir. 2002); *United States v. Ekanem*, 383 F.3d 40, 43 (2d Cir. 2004); *United States v. Bryant*, 655 F.3d 232, 253 (3d Cir. 2011). The very purpose of the MVRA would be frustrated if injunctive relief was granted to Defendant, especially, as here, where Defendant seeks to cease the

4

collection of restitution ordered as part of his criminal conviction that has been affirmed by the courts on direct and collateral appeal. Conversely, there is a strong public interest in ensuring that the restitution Defendant was ordered to pay in September, 2001, is fully paid to the victims. The granting of injunctive relief to Defendant would thwart the process of Plaintiff collecting the restitution after nearly 15 years since it was ordered. After over a decade of appeals, Defendant continues to find ways to attack the judgment, even though he has been ordered to stop filing essentially frivolous lawsuits. Accordingly, this Court recommends that Defendant's motion for injunctive relief be denied.

## Declaratory Judgment Relief

Pursuant to the Declaratory Judgment Act, the district court may declare the "rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. The Declaratory Judgement Act is an "enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (internal quotations omitted). While a "federal court has the discretion to decline to entertain a declaratory judgment action," in this Circuit, "the court must do so only for 'good reason.'" *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994) (citing *Aetna Cas. & Surety Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937)). While the undersigned could assert numerous good and proper reasons for the Court not to exercise its discretionary power to entertain Defendant's Motion for Declaratory Relief, the Court can just as expeditiously address Defendant's Motion on the merits.

The gravamen of Defendant's Motion is that the orders and decisions issued by GSA contracting Officers violated Section 605(a) of the Contract Disputes Act because the

5

decisions failed to "advise Defendant of his due process rights to the entitlement for obtaining judicial review and/or the remedy to appeal the adverse GSA Contracting Officer's Final Administrative Decision or Order." (Docket Entry 8 at 7-8.) What Defendant misses in his Motion seeking Declaratory Relief and Motions for Injunctive Relief is that the Order of Restitution and the Writ of Continuing Garnishment are solely a part of the criminal judgment; thus, even if a reviewing court found some flaw in the administrative process for which Defendant continues to complain for nearly 20 years, it would have no effect on the criminal case for which he was convicted and ordered to pay restitution. Defendant's contention that the criminal proceeding which resulted in the Order of Restitution is somehow flawed because of some alleged irregularities in the administrative process is without merit. As previously stated, Defendant's conviction and judgment has been reviewed and affirmed. Defendant's pleadings pursuant to the Declaratory Judgment Act and the Injunctive Relief he seeks are merely additional collateral attacks upon his criminal conviction upon which he disagrees and has sought to have it set aside many times without success.

III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that the Defendant's Motion for a Temporary Restraining Order, for Preliminary Injunction, and for Declaratory Judgment (Docket Entry 8) be **DENIED**.

Joe L. Webster
United States Magistrate Judge

April 4, 2016
Durham, North Carolina