IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff,          )
                           )   Case No.: 1:14MC42
                           )
GARY IVAN TERRY,           )
                           )
        Defendant.          )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon Defendant Gary Ivan Terry's Motions to Quash (Docket Entry 5), Motion to Transfer Case (Docket Entry 6), Motion for Recusal (Docket Entry 7), Motion for Sanction (Docket Entry 10), Motion to Dismiss (Docket Entry 16), Motion for Leave to Conduct Discovery, (Docket Entry 17), Motion for Due Process Hearing on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry 31), and Motion for Due Process Hearing on the Defendant's Motion for Emergency Temporary Restraining Order (Docket Entry 32). For the following reasons the Court recommends that Defendants Motions to Quash (Docket Entry 5), Motion to Transfer Case (Docket Entry 6), Motion for Recusal (Docket Entry 7), Motion for Sanction (Docket Entry 10), and Motion to Dismiss (Docket Entry 16) be denied. The Court further denies Defendant's Motion for Leave to Conduct Discovery (Docket Entry 17), Defendant's Motion for Due Process Hearing on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket

Entry 31), and Motion for Due Process Hearing on the Defendant's Motion for Emergency Temporary Restraining Order (Docket Entry 32).

**I.     BACKGROUND**

On August 3, 2000, a federal grand jury in the Western District of Missouri returned a nineteen-count indictment against Defendant and his company, SCAT, Inc. for false claims, theft of government property, false statements, and obstruction of justice. On September 26, 2000, Defendant appeared before a magistrate judge for a change plea hearing where he pled guilty. (Entry of Plea Docket Entry 23, *USA v. Terry*, No. 00-00308-01-CR-W6 (W.D.Mo. Sept. 28, 2000)). On September 26, 2001, Defendant appeared for his sentencing hearing. (Sentencing Hearing Docket Entry 48, *USA v. Terry*, No. 00-00308-01-CR-W6 (W.D.Mo. Sept. 28, 2000). He was sentenced to imprisonment for 15 months and a supervised release term of three years. (*Id.*) Defendant was also ordered to pay a special assessment in the amount of $200.00 and restitution in the amount of $545,161.20 (Judgment, Docket Entry 44, *USA v. Terry*, No. 00-00308-01-CR-W6 (W.D.Mo. Oct. 5, 2001)).

Supervised Release jurisdiction over Defendants Gary Ivan Terry and SCAT, Inc. was transferred to the Middle District of North Carolina and filed with this Court on July 30, 2003. (Docket Entries 82, 83, *USA v. Terry*, No. 00-00308-01-CR-W6 (W.D.Mo. Sept. 28, 2000)). A certification of the Missouri District Court judgment was registered in the Middle District of North Carolina on July 1, 2014 from the United States District Court for the Western District of Missouri. (Docket Entry 1, No.: 1:14MC42 (M.D.N.C.)). An Application for Writ of Garnishment was filed on October 20, 2015. (Docket Entry 2, No.: 1:14MC42 (M.D.N.C.))

2

and a Writ of Continuing Garnishment was issued as to Gary Ivan Terry and APCO Freight Systems, Inc. (Docket Entry 3, No.: 1:14MC42 (M.D.N.C.)). Defendant Terry was served with a copy of the application of Writ of Continuing Garnishment and other relevant documents on November 21, 2015. (Docket Entry 11, No.: 1:14MC42 (M.D.N.C.)) On November 25, 2015 the garnishee filed an Answer. (Docket Entry 9, No.: 1:14MC42 (M.D.N.C.)).

Over the last 15 years, Defendant has filed numerous post judgment attacks regarding his conviction and sentence imposed in the Western District of Missouri. In that District, Defendants have filed at least 22 post-conviction motions, (*See generally* Docket Entries *USA v. Terry*, No. 00-00308-01-CR-W6 (W.D.Mo.)).[1] Numerous Courts have ruled against Defendant regarding the same underlying subject matter of the dispute before this Court— the criminal restitution judgment in the amount of $545,621.20. The United States District Court for the Western District of Missouri has ordered that Defendant file no further motions in that Court. (Docket Entries 63, 106, Western District of Missouri 00-00308-01-CR-W6 (W.D.Mo. Sept. 28, 2000)).

Defendant also sought relief in a civil action filed in the United States District Court for the District of Columbia regarding the underlying subject of all of these proceedings— the claim of the United States Government that Defendant owed it ($545,161.20) for overpayment

---

[1] The Government cites much of the case history in its "Factual Background" sections in the Government's Response in Opposition to Defendant's Motion to Quash (Docket Entry 13 and in Government's Response in Opposition to Defendant's Motion for Sanctions (Docket Entry 19). Many of the Defendant's Motions, or other entries, cited in the Criminal docket Sheet in Case #4:00-cr-00308, Western District of Missouri are too old to appear on Pacer. Therefore, the undersigned cannot independently cite much of the activity in this case that would normally be public record.

3

Case 1:14-mc-00042-TDS-JLW Document 40 Filed 08/31/16 Page 3 of 14

on duplicate orders ("overpayment claim"). *Terry v. U.S. Small Bus. Admin.*, 699 F. Supp. 2d 49 (D.D.C. 2010). The United States Court of Appeals for the District of Columbia affirmed the lower court ruling that the case should be dismissed as being time barred pursuant to 28 U.S.C. § 2401. The United States Court of Appeals for the Fourth Circuit has also ruled against Defendant in which Defendant moved to vacate the court's December 16, 2011, order denying Defendant's motion to disqualify the presiding judges based upon rulings in Defendant's cases. In its order the Court stated:

> The court entered judgment in these matters over five years ago. Since then, the court has denied three motions by appellant to recall the mandate. Appellant now moves to disqualify the presiding judges based on their rulings in his cases. The motion is denied. The court having considered these appeals and having denied multiple motions to recall the mandate, further relief will not be considered.

Order: *In re: Terry*, No. 05-1433 (4th Cir. Dec. 20, 2011) (internal citations omitted).

## II. Discussion

Defendant Terry now attacks the garnishment proceeding in the Middle District of North Carolina. It is clear that each of the Motions now pending in this District have at their genesis the restitution ordered by the United States District Court for the Western District of Missouri judgment ordering Defendant to pay restitution, which is a part of the garnishment proceeding in the Middle District of North Carolina. For the reasons cited below none of Defendants' motions have merit and the undersigned recommends that they be dismissed with prejudice or denied.

4

A. Defendant's Motion to Quash the Writ of Continuing Garnishment

Defendant filed a motion to Quash the Writ of Continuing Garnishment.[2] (Docket Entry 5, No.: 1:14MC42 (M.D.N.C.)). In response the Government correctly cites the statutory rule of law that while a judgment debtor may move to quash an enforcement order such as a garnishment pursuant to 28 U.S.C. § 3202(d), the issues are restricted to the validity of any claim of exemption and whether the Government complied with the statutory requirements of the FDCPA, citing *United States v. Pugh*, 75 Fed. App'x. 546, 547 (8th Cir. 2003).[3] Here the Defendant did not make any argument that the Government did not comply with the statutory requirements nor Defendant did claim any statutory exemptions. Moreover, to the extent that Defendant relies upon his right to seek address for any violation of the Contract Disputes Act of 2011, Title 41 U.S.C. §§ 601-613, re-codified under the Contract Disputes Act of 2011, Title 41 U.S.C. §§ 7101-7109, his argument is misplaced. Here the garnishment is being enforced based solely upon the restitution ordered in Defendant's criminal case. (Judgment, Docket Entry 44, *USA v. Terry*, No. 00-00308-01-CR-W6 (W.D.Mo. Oct. 5, 2001)) and as asserted by the Government, it's authority to enforce fines and restitution using post-judgment procedures set forth in the Federal Debt Collection Procedures Act

---

[2] Defendant also captions his Motion to Quash the Writ of Continuing Garnishment alternatively as a Motion to Hold Unlawful and Set-Aside Plaintiff's Application for Writ of Continuing Garnishment Pursuant to 5 U.S.C. § 706(2), and Request for A Hearing to Quash the 30 October, 2015 Order Granting an Enforcement Remedy pursuant to § 3202(d).

[3] Did not file any claim of exemption.

5

("FDCPA").[4] The Government also asserts it followed the procedures set forth in 28 U.S.C. §§ 3001, et. seq.; 18 U.S.C. § 3612(C) in seeking post-judgement garnishment against "property... in which the debtor has a substantial nonexempt interest." (Docket Entry 13 at 7). The undersigned finds that Government followed the correct post-judgment procedures applicable to enforcing the judgment of restitution. Moreover, the Government was not required to follow the rules set forth in the federal regulations regarding federal contract disputes as argued by Defendant in his Motion and Reply (Docket Entries 5, 27, No.: 1:14MC42 (M.D.N.C.)). Therefore the Motion to Quash the writ of continuing garnishment should be denied.

B.      Motion to Transfer the case to the Western District of Missouri

The Motion to Transfer the case to the Western District of Missouri, and arguments made in support of it are also misplaced. (Docket Entry 6, No.: 1:14MC42 (M.D.N.C.)). Defendant contends that 28 U.S.C. § 1404(a) governs the transfer of post-judgment garnishment proceedings and allows it to be transferred to the Western District of Missouri to "promote the best ends of justice . . . ." (*Id.* at 1, No.: 1:14MC42 (M.D.N.C.)). To the contrary, proceedings filed under the Federal Debt Collection Procedures Act ("FDCPA") are subject to nationwide enforcement and may be served in any State. 28 U.S.C. §§ 3004(b)(1)(A)&(B). Moreover, § 3004(b)(2) provides that: "If the debtor so requests, within

---

[4] Congress enacted the Mandatory Victims Restitution Act, which made restitution mandatory for certain crimes. *United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) (citing 18 U.S.C. §§ 371, 1341, 3663A(a)(1), 3663A(c)(1)(A)(ii)) ("Although the MVRA is a criminal statute, it expressly, albeit tortuously, provides that the FDCPA's civil enforcement remedies may be used to enforce orders of restitution entered under the MVRA.").

20 days after receiving the notice described in section 3101(d) or 3202(b), the action or proceeding in which a writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2). At the time the writ was issued, Defendant was residing in the Middle District of North Carolina. Therefore, he is not entitled to have the action or proceeding transferred to the Western District of Missouri.

C. Motion to Disqualify US Attorney's Office from Enforcing Writ of Continuing Garnishment

Defendant moves the Court to recuse or disqualify the US Attorney's Office in the Middle District of North Carolina and appoint a special prosecutor. (Docket Entry 7). Defendant offers no sound rationale to support his Motion to remove the US Attorney's Office. First, it is the obligation and duty of the US attorney's office to collect any unpaid fine or restitution owed by Defendant. "As the Government points out, under the Mandatory Victims Restitution Act (MVRA), compliance with a restitution order is to be enforced by the Attorney General, pursuant to 18 U.S.C. § 3612(c)." *United States v. Lascola*, No. CR 00-133 ML, 2007 WL 1847396, at *2 (D.R.I. June 25, 2007); 18 U.S.C. § 3612(c). The Defendant asserts there are grounds to suspect serious wronging and improprieties" on the part of the employees in the United States Attorney's Office in the Middle District of North Carolina. (Docket Entry 7 at 29, No.: 1:14MC42 (M.D.N.C.)). This is a conclusory allegation without any evidence to support it. Such conclusory allegations cannot be grounds for this Court to order the United States Attorney's Office or employees to recuse themselves from enforcing

7

the continual garnishment proceeding here in question. The cases relied upon by Defendant point to specific improprieties or misconduct on the part of government officials. To the contrary, Defendant does not point any such conduct on the part of employees of the United States Attorney's Office.

Defendant's assertions that at some point the US attorney's may be called as witnesses is mere conjecture. The undersigned finds that there is no reason to believe that anyone from that office will be required to testify at this garnishment proceeding or any related proceeding, including any matter related to the fifteen year old restitution judgment to which Defendant is still seeking to contest. Defendant's arguments that the prior proceedings in the Western District of Missouri and Middle District of North Carolina are fraudulent, unlawful, improper and characterized as conspiracies are also without merit. At various times over the last fifteen years Defendant has accused numerous persons of being part of a conspiracy to deprive him of his right to a fair trial or hearing. On at least one occasion Defendant "allege[d] that his privately retained defense attorney colluded with the prosecutor to 'devise a scheme to conceal' the contracting officer's supposed failure to apprise plaintiff of his right to administratively appeal the overpayment determination." *Terry v. U.S. Small Bus. Admin.*, 699 F. Supp. 2d 49, 51 (D.D.C. 2010).

Additionally, Defendant has sought to disqualify governmental participants in his legal proceedings or to discredit them, including Judges ruling against him. *See* Order, *In re: Terry*, No. 05-1433 (4th Cir. Dec. 20, 2011), *see also* in *Terry v. Sparrow*, 328 B.R. 450 (M.D.N.C. 2005).[5]

---

[5] Defendant's Motion to disqualify Judge, Docket Entry 89, No. 4:00-cr-00308 (W.D.Mo. April 24, 2006) (Motion Denied Docket Entry 94), Motion to Disqualify the Office of the United States

8

In an appeal before The Honorable James A. Beaty Jr., Defendant moved to have a bankruptcy trustee removed. *Terry,* 328 B.R. at 459. In that case, Judge Beaty dismissed all of Defendant's grounds for appeal. Judge Beaty noted that "Mr. Terry currently has pending before this Court over 30 motions in 7 separate bankruptcy appeals and that Mr. Terry continues to file various appeals, all based on the same general contentions disputing the underlying civil and criminal claims against him." *Id.*

Defendant has not been successful in the many appeals and collateral attacks that he has brought to challenge the underlying restitution order arising from his criminal conviction. Further, Defendant's arguments made to support recusal and disqualification pursuant to the Citizens Protection Act of 1998 are also without merit since that Act was never enacted into law. *Sandoval v. United States,* No. 04-CV-4056, 2007 WL 2937124, at *6 (C.D. Ill. Sept. 26, 2007), aff'd, 574 F.3d 847 (7th Cir. 2009) (internal citation omitted) ("The problem is that on June 16, 1998, the Citizens Protection Act of 1998 was referred to a subcommittee where it died.") However, a portion of the Protection Act was passed as part of the Omnibus Consolidated and Emergency Supplemental Appropriations Act. H.R. 4328, 105th Cong. § 801 (1998) ("Omnibus Act"). This section of the Omnibus Act was codified as 28 U.S.C. § 530B and addresses only the ethical standards for attorneys for the Federal Government. 28 U.S.C. § 530B; *see also Sandoval v.* 2007 WL 2937124, at *6.

---

Attorney for the Western District of Missouri, Docket Entry 114, No.4:00-cr-00308 (W.D.Mo. June 22, 2012) (Motion Denied (Docket Entry 126), Pro Se Motion to disqualify judge, Docket Entry 128, No. 4:00-cr-00308, (W.D.Mo. June 2, 2014) (Motion Denied (Docket Entry 131)

9

Case 1:14-mc-00042-TDS-JLW   Document 40   Filed 08/31/16   Page 9 of 14

D. Defendant's Motion for Sanctions

Defendant's Motion for Sanctions is also without merit. (Docket Entry 10 No.: 1:14MC42 (M.D.N.C.)). Defendant moves that the Court sanction the Government by ordering a dismissal of the Writ of Continuing Garnishment Proceeding for duty of candor violations and bad faith conduct pursuant to the Citizen Protection act of 1998, 28 U.S.C. § 530B(a). Defendant also requests the Court to refer counsel for the United States, Assistant United States Attorney Joan B. Binkley, and other United States Attorneys in the United States Attorney's Office for the Middle District of North Carolina, to the Office of Professional Responsibility pursuant to the Code of Federal Regulations, citing 28 C.F.R. § 0.39a(a) and 28 U.S.C. § 530B(a) so that it could investigate whether they have violated federal laws or engaged in professional misconduct. After reviewing Defendant's Motion and supporting arguments, the undersigned finds no grounds supported by law or facts to refer the United States Attorney's Office for the Middle District of North Carolina to the Office of Professional Responsibility for investigation. Therefore the undersigned recommends that Defendant's motion be denied.

E. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant's Motion to Dismiss for lack of Subject matter jurisdiction (Docket Entry 16) lacks merit. Subject matter jurisdiction is both a Constitutional and statutory requirement which restricts federal judicial power to a limited set of cases and controversies. Thus, "no action of the parties can confer subject matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des bauxites de Guinee*, 456 U.S. 694, 702 (1982).

To the extent that Defendant argues that this Court does not have subject matter jurisdiction to hear disputes involving garnishment proceedings to enforce criminal penalties, fines or restitution orders, his arguments are meritless. The district court has subject-matter jurisdiction to enforce the Writ of Garnishment against Defendant. A number of courts have reasoned that federal courts have the authority to decide garnishment related disputes "because the court had ancillary jurisdiction to enforce its underlying judgment, as well as original jurisdiction over the government's effort to collect a debt on its own behalf." *U.S. ex rel. McCandliss v. Sekendur*, 631 F. App'x 447, 449 (7th Cir. 2015) (citing 28 U.S.C. § 1345; *United States v. Vitek Supply Corp.*, 151 F.3d 580, 585–86 (7th Cir. 1998)); *see also* 28 U.S.C. § 3202; 28 U.S.C. § 3205; *United States v. Allen*, 57 F. Supp. 3d 533, 539 (E.D.N.C. 2014) ("Typical examples of such ancillary jurisdiction include the power reserved to the court to enjoin actions elsewhere, to impose sanctions, and to order garnishment or other incidental proceeding.") (internal citation and quotation omitted); *United States v. Harris*, 847 F. Supp. 2d 828, 831 (D. Md. 2012) (internal citation and quotation omitted).

The undersigned finds that the Defendant's rights to Due Process and Equal Protection of the Law have not been violated, and the Defendant's reliance upon Due Process, Equal Protection, the Contract Disputes Act of 1978, the False Statements Accountability Act of 2011, the All Writs Act and Rule 12(b)(1) of the Federal Rules of Civil Procedure are to no avail. In Defendant's motion for lack of subject matter jurisdiction he obviously desires to reargue his fifteen year old conviction, referring to counts seventeen and nineteen of his indictment. (Docket Entry 16 at 1.) This Court will have no part in re-litigating what has been

11

finalized in the various courts that have heard his direct or collateral appeals. This Court has subject matter jurisdiction over this writ of garnishment proceeding.

F.     Motion for Leave of Court to Conduct Discovery on the Jurisdictional Issues

The undersigned denies Defendant's Motion for Leave of Court to Conduct Discovery on the Jurisdictional Issues pursuant to Rule 26(a)(1)-(b)(1) of the Federal Rules of Civil Procedure. (Docket Entry 17). The undersigned finds that none of the issues in the dispute before this Court, including any jurisdictional issues, require Discovery. To the contrary, all disputes can be decided by the Court based upon the underlying facts set forth in the pleadings and applicable regulations and case law. Assuming arguendo there is potential discovery relevant to either party's claims or defenses regarding "jurisdictional issues," such discovery would not be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Moreover, the Court finds that based upon the history of this case, there is a strong likelihood that the Defendant would abuse the discovery process. Therefore, Defendant's Motion is denied. No hearing is warranted in this matter.

G.     Defendant's Motion for a Due Process Hearing and/or Evidentiary Hearing

As to Defendant's Motion for a Due Process Hearing and/or Evidentiary Hearing on the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a) and Rule 12(b)(1) of the Federal Rules of Civil Procedure and the Motion to Conduct Discovery on the Jurisdictional issues and the on the Defendant's Motion to Hold unlawful and Set-Aside the Plaintiff's Agency Action pursuant to the

Administrative Procedure Act, 5 U.S.C. §§ 702-706 are denied. (Docket Entry 31), the Court denies this Motion. No hearing is warranted in this matter.

    H.    Defendant's Motion for Due Process Hearing and/or an Evidentiary Hearing on the Defendant's Motion for Emergency Temporary Restraining

As to Defendant's Motion for Due Process Hearing and/or an Evidentiary Hearing on the Defendant's Motion for Emergency Temporary Restraining Order Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, et al., Motion for Preliminary Injunction and Declaratory Judgment (Docket Entry 32) the Court has previously ruled upon these motions without a hearing. (Docket Entry 35.)

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's motions to Quash (Docket Entry 5), Motion to Transfer case (Docket Entry 6), Motion for Recusal (Docket Entry 7), Motion for Sanction (Docket Entry 10), Motion to Dismiss (Docket Entry 16), and be **Denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Due Process Hearing on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry 31) be **Denied**, Defendant's Motion for Due Process Hearing on Defendant's Motion for Emergency Temporary Restraining Order (Docket Entry 32) be **Denied**, and Defendant's Motion for leave to conduct Discovery (Docket Entry 17) be **Denied**.

_____
Joe L. Webster
United State Magistrate Judge

August 31, 2016
Durham, North Carolina

14

Case 1:14-mc-00042-TDS-JLW   Document 40   Filed 08/31/16   Page 14 of 14