IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
     v.                      )        1:14MC42
                             )
GARY IVAN TERRY,             )
                             )
            Defendant.       )

## ORDER

The Recommendation of the United States Magistrate Judge (Doc. 40) was filed with the court in accordance with 28 U.S.C. § 636(b) and, on August 31, 2016, was served on the parties in this action (Doc. 41). Defendant objected to the Recommendation. (Doc. 43.) Also before the court are Defendant's pro se motion to alter and vacate the court's September 8, 2016 Order (Doc. 44), and two motions for judicial disqualification. (Docs. 45, 50.) The Government has responded (Docs. 46, 47, 51), and Defendant has replied (Docs. 48, 49, 52).

Prior to May 1, 2017, this court's local rules limited objections and briefs to 20 pages. L.R. 7.3(d) & 72.4.[1] Defendant was previously warned of these limitations. (Doc. 42 at 1.) Consequently, the court will not consider Defendant's briefs and

---

[1] As of May 1, 2017, the limitations were based on word count (which must be certified by the filer) or pages. No post-May 1, 2017 filing of Defendant appears to violate the current rules.

objections to the extent they exceed the applicable page limitations.

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made (Doc. 40) and has made a de novo determination, which is in accord with the Magistrate Judge's report. The court therefore overrules Defendant's objections (Doc. 43) and adopts the Magistrate Judge's Recommendation.

Defendant's motion to alter and vacate this court's September 8, 2016 Order (Doc. 44) was filed October 5, 2016. To the extent it is considered as a motion to amend judgment, it is timely under Federal Rule of Civil Procedure 59(e). Such motions are disfavored, however, and may be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Litigants may not use the motion "to raise arguments which could have been raised prior to the issuance of the judgment, nor . . . to argue a case under a novel legal theory that the party had the ability to address in the first place." Id. No basis for altering or vacating the court's Order applies here. To the extent the motion could otherwise be considered in the court's discretion, the court denies it as well because there was no error in the court's ruling.

Finally, Defendant has filed two motions to disqualify the undersigned as judge in this case. (Docs. 45, 50.) Defendant's motions are based on the fact that this court as well as other courts have previously ruled against him, or on other meritless grounds that would, conveniently for Defendant, serve to disqualify every judge in this district. The motions are wholly lacking in merit and will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to quash (Doc. 5), motion to transfer case (Doc. 6), motion for recusal ((Doc. 7), motion for sanction (Doc. 10), motion to dismiss (Doc. 16), motion to alter and vacate the court's September 8, 2016 Order (Doc. 44), and motions for judicial disqualification (Doc. 45, 50) are DENIED.

/s/   Thomas D. Schroeder
United States District Judge

August 9, 2017